IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL LEE HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-285 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| TRP MICHEAL THOMPSON, CPL MICHEAL IRWIN, and OFF DELBERT DEWITT | ) ) ) | Cynthia Reed Eddy |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

**Cynthia Reed Eddy, United States Magistrate Judge**

Pending before the Court is Defendant Officer Delbert Dewitt's motion for summary judgment. (ECF No. 35). His sole contention in his motion is that Plaintiff's claims are barred by the applicable two-year statute of limitations. The Court disagrees, and therefore, denies his motion.[1]

Plaintiff alleges in his *pro se* complaint that the above-captioned Defendants violated his rights protected under the Fourth Amendment of the United States Constitution by using excessive force while arresting him on March 7, 2014.[2] Plaintiff also claims that Defendants'

---

[1] Pursuant to 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct any and all proceedings herein, including ruling on dispositive motions, without review by a United States District Judge. ECF Nos. 6, 16, 36.

[2] While the complaint begins by stating that Defendants' use of excessive force violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution, the Court notes that this excessive force claim is instead governed by the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."); *Natale v. Camden Cty. Corr. Fac.*, 318 F.3d 575, 582 (3d Cir. 2003) (the Eighth Amendment only applies to convicted prisoners). Because Plaintiff is proceeding *pro se*, the Court will liberally construe his complaint as attempting to set forth a Fourth Amendment claim, regardless of his confusion of legal theories. *See Haines v. Kerner*, 404 U.S. 519,

conduct during the arrest constituted negligence, assault, and battery under Pennsylvania law. All of these legal theories are governed by a two-year statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat § 5524(1) and (2). Therefore, the statute of limitations period for all of the claims in the complaint expired on March 7, 2016. Because the IFP motion and the attached complaint were not filed by the court clerk until after March 7, 2016, Officer Dewitt asserts in his motion that these claims are untimely.

This argument, however, ignores the prisoner mailbox rule. *See Comm. v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. 2001) ("The prisoner mailbox rule has been expressly adopted in Pennsylvania" and "provides that the date of delivery of the [legal document] by the defendant to the proper prison authority or to a prisoner mailbox is **considered the date of filing of the [legal document].**" (emphasis in original)); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001) (extending the application of the prisoner mailbox rule to all filings by incarcerated *pro se* litigants, including filings in civil cases); *Bond v. VisionQuest*, 410 Fed. App'x 510, 514 (3d Cir. 2011) ("Other circuits, as well as district courts within the Third Circuit, have extended [the prisoner mailbox rule] to *pro se* prisoner complaints… So, too, will we for purposes of this appeal.").

There is no clear record of when Plaintiff delivered the IFP motion and complaint to the prison authorities. "[W]hen applying the prisoner mailbox rule, many district courts will use the date the documents were signed as the presumed delivery date in cases where there is no clear record of delivery to prison officials." *Wareham v. Pa. Dep't of Corr.*, 2013 WL 4523616, *13 (W.D. Pa. 2013); *see also Whitenight v. Comm. of Pa. State Police*, 2016 WL 4206241, *1 n. 1 (W.D. Pa. 2016) (deeming the IFP motion and complaint "to be filed on the date the documents

---

520-21 (1972).

were signed by Plaintiff and presumably 'delivered to the prison authorities for forwarding to the court clerk.'"). Plaintiff signed his IFP motion and complaint on March 4, 2016 – three days before the statute of limitations expired. *See* (ECF No. 1 and 1-1). Therefore, the Court may presume that he delivered these documents to the prison authorities for forwarding to the court clerk on that date.

Moreover, the Court notes that the U.S. postage stamp on the envelope that contained these documents is dated March 7, 2016 – the same date that the statute of limitations expired. *See* (ECF No. 1-4). Thus, this envelope provides the Court with an independent basis to conclude that Plaintiff properly and timely delivered these documents to the prison authorities prior to the expiration of the statute of limitations. Accordingly, Officer Dewitt's motion for summary judgment, which is based solely on a limitations defense, is appropriately denied.

**AND NOW**, this 30th day of November, 2016, it is hereby **ORDERED** that Officer Delbert Dewitt's motion for summary judgment (ECF No. 35) is **DENIED.**

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **DARRYL LEE HAYNES**
395 E Main Street
P.O. Box 651
Uniontown, PA 15401

All registered counsel via CM-ECF